EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, THE LOCAL
813 I.B.T. PENSION TRUST FUND, AND
THE LOCAL 813 I.B.T. AND LOCAL 1034
SEVERANCE TRUST FUND,

                      Plaintiffs,                  REPORT & RECOMMENDATION

    -against-                              09-CV-04435 (FB) (RER)

SPRINT RECYCLING, INC.,

                      Defendant.
-------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

## INTRODUCTION

Plaintiffs Trustees of the Local 813 I.B.T. Insurance Trust Fund (the "Insurance Fund"), Trustees of the Local 813 I.B.T. Pension Trust Fund (the "Pension Fund"), and Trustees of the Local 813 and Local 1034 Severance Trust Fund (the "Severance Fund") (hereinafter the "Trustees" and the "Funds"), commenced this action against defendant Sprint Recycling, Inc. ("Sprint") as a result of Sprint's failure to make contributions pursuant to collective bargaining agreements ("CBAs") into which the parties had entered and which were in effect from December 1, 2002 through November 30, 2008. (Compl. at ¶ 15.) Trustees seek damages comprising delinquent contributions, liquidated damages, and accrued interest under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2). (Compl. at ¶ ¶1, 15.) Trustees also seek attorneys' fees and costs. *Id.*

1

On March 18, 2010, Judge Block granted Trustees' motion for default judgment and referred this matter to me for a Report and Recommendation ("R&R") as to the amount of damages, if any, to be awarded. For the reasons set forth below, I respectfully recommend that Trustees be awarded $200,133.61 in damages, consisting of $181,323.67 in delinquent contributions and liquidated damages, $16,809.94 in accrued interest, $1,650.00 in attorneys' fees, and $350.00 in costs.

## FACTUAL AND PROCEDURAL BACKGROUND

This court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Sections 502 and 515 of ERISA, 29 U.S.C. § 1132 and 29 U.S.C. § 1145. (Affirmation of Arthur Hirschler in Support of Plaintiff's Motion for Default Judgment ("Hirschler Aff.") at ¶ 4.)

Local 813 and Sprint negotiated two relevant CBAs, the first ("First CBA") having effect from December 1, 2002 through November 30, 2005, and the second ("Second CBA") having effect from December 1, 2005 through November 30, 2008. (Plaintiff's Motion for Default Judgment, Exhibit A ("Pl. Ex. A.").) Trustees employed an accounting firm to audit Sprint for the years 2004-2007 (the "Audit Report") and discovered that Sprint failed to make required contributions, inclusive of liquidated damages, in the amount of $181,323.67. (Affirmation of Gil Hodes in Support of Plaintiff's Motion for Default Judgment, ("Hodes Aff.") at ¶ 9.) Trustees sent Sprint letters containing a summary of the delinquent contributions on March 10, 2009 and again on June 22, 2009, but Sprint neither responded to the letters nor remitted

payment. (Plaintiff's Motion for Default Judgment, Exhibit E ("Pl.'s Ex. E.").) Trustees thereafter filed this complaint against Sprint on October 16, 2009. (Docket No. 1.)

Upon Trustees' application, and in light of Sprint's failure to appear or otherwise defend this action, the Clerk of the Court entered a notation of default in Trustees' favor on February 19, 2010. (Docket No. 10.) Judge Block thereafter granted Trustees' motion for default judgment against Sprint in his comprehensive and well-reasoned memorandum and order issued on March 18, 2010. (Docket No. 11.) Therefore, the sole determination that remains to be made is the proper amount of damages permitted under the statute.

## DISCUSSION

### I. Liability

A party's default is deemed to constitute a concession of all well-pleaded allegations of liability as set forth in the complaint; damages, however, must be proven by the party. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Thus, the court is required to accept as true both that Sprint was bound under the terms of the CBAs into which it entered with Local 813 to contribute to the Funds, and that it failed to do so. *Christian, et. al. v. Columbus Construction Co.*, No. 09-CV-2117, 2010 WL 1849258, at *1 (E.D.N.Y. April 13, 2010) (holding that by virtue of a default judgment, the Court is required to accept as true that the defendant was bound to the collective bargaining agreement). Trustees now need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159. The affirmations and other documentary evidence

3

submitted by Trustees provide sufficient basis to determine a damages award. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (citing *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ( "[It is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there was a basis for the damages specified in a default judgment.").

**II.   Damages**

Under 29 U.S.C. § 1132(g)(2), a plaintiff who has established liability under § 1145 is entitled to an award of: (1) unpaid contributions, (2) interest on the unpaid contributions, (3) liquidated damages, (4) reasonable attorneys' fees and costs, and (5) such other legal and equitable relief as the Court may deem appropriate. 29 U.S.C. § 1132(g)(2). The statute mandates that the court "shall," not "may," award these damages. *Id.*

Trustees seek $112,221.48 in delinquent contributions to the Insurance Fund, $40,224.52 in delinquent contributions to the Pension Fund, and $28,877.67 in delinquent contributions to the Severance Fund. (Hodes Aff. at ¶¶ 5-8.) Trustees also seek accrued interest from January 1, 2008 through January 31, 2010, at a rate of 4.45% per annum, or $16,810.00 cumulatively, as well as reasonable attorneys' fees in the sum of $1,650.00 and reasonable costs of the action in the sum of $350.00. (Hirschler Aff. at ¶ 6.) The aggregate of Trustees' proposed damages is $200,133.67. *Id.* For the following reasons, I recommend that Trustees be awarded $200,133.61 in damages.

**A.  Delinquent Contributions, Liquidated Damages, and Interest**

Under 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of . . . a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions [of the agreement]." The terms of both of the fully executed CBAs between Sprint and Local 813 require Sprint to contribute monthly to each of the Funds. (Pl. Ex. A; First CBA at 16-9; Second CBA at 19-24.) The CBAs also expressly provide that were Sprint to fail to make the required contributions, it would be liable for liquidated damages equal to 20% of the delinquent contributions. (Pl. Ex. A; First CBA at 21-22; Second CBA at 26-27.) Recovery of liquidated damages is also mandated by the statute. *See* 29 U.S.C. § 1132(g)(2).

Trustees have submitted remittance reports and the Audit Report in support of their allegation that Sprint failed to make a total of $181,323.67 in required contributions, inclusive of liquidated damages, between 2004 and 2007. (Plaintiff's Motion for Default Judgment, Exhibit G ("Pl. Ex. G."); Plaintiff's Motion for Default Judgment, Exhibit H ("Pl. Ex. H.").) Taking the factual allegations of the complaint to be true, the Trustees have established the elements of liability required to state a violation of Section 515 of ERISA, and I recommend awarding Trustees $181,323.67 in delinquent contributions and liquidated damages.

Pursuant to 29 U.S.C. § 1132(g)(2)(B), an employer's failure to remit contributions creates a mandatory award of interest on the delinquent contributions to the plaintiff. *Trustees of United Teamster Fund v. Ronnie's Truck Service, Inc.*, No. 07-CV-4456, 2008 WL 2686993, at *2 (E.D.N.Y. July 8, 2008) ("Section 1332(g)(2) (B) thus creates a mandatory right to interest

"in any case in which a judgment in favor of the plan is awarded.") (internal citations omitted). Interest is calculated at the rate provided for in the plan or, in the absence of such a provision, at the rate prescribed in 26 U.S.C. § 6621(a)(2), which is three percentage points above the applicable federal short term rate. In the instant case, the CBAs do not contain a provision that sets an interest rate. Trustees request interest for delinquent contributions for the applicable period from January 1, 2008 to January 31, 2010, and argue that the interest should be calculated at the rate of 4.45% per annum, yielding a total of $16,810.00 in interest damages. (Hirschler Aff. at ¶ 6.) These federal short term rates are to be rounded to the nearest full percentage point. *See* § 6621(b)(3) ("Any such rate shall be rounded to the nearest full percent....") The federal short term rates fluctuated between 1% and 3%, with an average of 1.5% over the relevant time period. (Hirschler Aff. at ¶ 6; Hirschler Aff., Attachment.) Trustees are therefore entitled to recover statutory interest between 4% and 6%, and I find their requested annual rate of 4.45% reasonable. *See e.g., Trustees of the Local 813 I.B.T. Ins. Trust Fund v. J&M Recycling*, No. 05-CV-5131, 2008 WL 717817, at *3 (E.D.N.Y. Mar. 17, 2008) (using this same standard to calculate the interest rate in an ERISA action); *Delucia v. RTD Strategies, Inc.*, No. 07-CV-3967, 2009 WL 346972, at *3 (E.D.N.Y. Feb. 4, 2009). Since Trustees are requesting interest for a time period after the entire delinquent contribution amount became due, and are therefore requesting interest on the entire past due amount, the interest award is calculated as follows: delinquent contributions ($181,323.67) multiplied by the interest rate, (0.0445) multiplied by the time period in years (2.0833), which yields a total of $16,809.94. I therefore recommend that Trustees be awarded $16,809.94 in statutory interest.

**B.      Attorneys' Fees and Costs**

29 U.S.C. § 1132(g)(1) empowers the Court to award reasonable attorneys' fees in actions involving delinquent contributions. In the Second Circuit, reasonable attorneys' fee awards are calculated using the standard of the presumptively reasonable fee. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 (2d Cir. 2008); *see also Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). When determining a "presumptively reasonable fee" the court should look to what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively," would pay. *Arbor Hill*, 522 F.3d at 190. The Court should rely on reasonable hourly rates approved by other courts in the District and its own familiarity with the prevailing rates in its District. *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 82 (2d Cir. 2005). In this Circuit, a party seeking an award of attorneys' fees must submit contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *Ontel Prod. Corp. v. Amico Int'l Corp.*, No. 07-CV-7356, 2008 WL 4200164, at *5 (S.D.N.Y. Aug. 19, 2008) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). If a party fails to submit adequate contemporaneous time records, the court may reduce or refuse to grant the award. *See N.Y. State Ass'n for Retarded Children, Inc.*, 711 F.2d at 1148.

In the Eastern District of New York, reasonable hourly rates for attorneys have ranged from $200 to $350 an hour for partners, $200 to $250 an hour for senior associates, $100 to $150 an hour for junior associates, and $70 to $80 an hour for legal assistants. *See General*

*Elec. Capital Corp., LLC v. G. Howard Assoc., Inc.*, No. 09-CV-3923, 2010 WL 2346296, at *5-6 (E.D.N.Y. May 18, 2010); *see also Moran v. Sasso*, No. 05-CV4716, 2009 WL 1940785, at *4 (E.D.N.Y. July 2, 2009); *Duverger v. C & C Duplicators, Inc.*, No. 08-CV-0721, 2009 WL 1813229, at *2 (E.D.N.Y. June 25, 2009).

In the instant case, Trustees' attorney, Arthur Hirschler Esq., has submitted records indicating that he spent a total of 5.5 hours on this matter at a rate of $300 per hour. (Affirmation of Arthur Hirschler on Behalf of Plaintiff in Support of Attorneys' Fees ("Hirschler Fee Aff.") at ¶ 3; *see also* Hirschler Fee Aff., Attachment.) Mr. Hirschler graduated from Southwestern University School of Law in 1983 and was admitted into the United States District Court for the Eastern District of New York in 1985. (Hirschler Fee Aff. at ¶ 3.) He has represented the Trustees of Local 813 for over ten years and is well versed in ERISA law. (*Id.*) On the basis of precedent within this District, I find both the hours expended and rate charged to be reasonable, and recommend awarding Trustees the entirety of the $1,650.00 in attorneys' fees sought. *See LaBarbera v. Fed. Metal & Glass Corp.*, No. 07-CV-3043, 2009 WL 3461880, at *10 (E.D.N.Y. Oct. 27, 2009) (granting attorneys' fee award of $280 per hour for 8.8 hours of work on an ERISA default motion); *Annuity, Pension, Welfare, and Training Funds of the Int'l Union of Operating Engineers v. Columbus Construction Corp.*, No. 09-CV-2117, 2010 WL 1849258, at *3-4 (E.D.N.Y. April 13, 2010) (granting attorneys' fee award of $299 per hour for 10.75 hours of work on an ERISA default motion).

Under ERISA, an award of reasonable costs is mandatory in a successful action to recover delinquent contributions. 29 U.S.C. § 1132(g)(2)(D); *see also Daniello v. PML*

*Furniture Group of NJ, Ltd.,* No. 06-CV-5261, 2009 WL 4722650, at *6 (E.D.N.Y. Dec. 9, 2009). Trustees have not identified the basis for their request for $350.00 in costs, but it is reasonable to assume that Trustees are merely seeking to recover the fee associated with the filing of this action, recovery of which has been deemed both appropriate and reasonable in this District. *See, e.g., Trustees of the Local I.B.T. Insurance Trust Fund et. al. v. Menna Container & Drum, Inc.*, No. 08-CV-1234, 2010 WL 890981, at *5 (E.D.N.Y. March 9, 2010) (awarding $350.00 in costs to plaintiffs in an ERISA default case despite plaintiffs failure to identify a basis for that amount).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Trustees be awarded $181,323.67 in delinquent contributions and liquidated damages, $16,809.94 in statutory interest, $1,650.00 in reasonable attorneys' fees, and $350.00 in costs, amounting to a cumulative sum of $200,133.61. Any objections to the recommendations made in this R&R must be filed with the Clerk of the Court and the Chambers of the Honorable Frederic Block, Senior United States District Judge, within fourteen days of receiving the R&R. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 686(b)(1)(c); Fed. R. Civ. P. 6(a), 6(e), 72; *Small v. Sec'y of Health and Human Servs.*, 892 F.2d. 15, 16 (2d Cir. 1989).

**Dated: August 6, 2010**
**Brooklyn, New York**

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge